# Third District Court of Appeal
## State of Florida

Opinion filed March 19, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1604
Lower Tribunal No. D18-15057

————————————

**M.D.P.N., the Mother,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Stok Kon + Braverman, and Yosef Kudan, Alan J. Braverman and Robert A. Stok (Fort Lauderdale), for appellant.

Sara Elizabeth Goldfarb and Blake Lynne Bruce (Tallahassee), for appellee Guardian ad Litem; Karla Perkins, for appellee the Department of Children and Families.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Appellant M.D.P.N. challenges the trial court's July 25, 2024 final judgment terminating her parental rights as to her daughter Y. While the record reflects that, in the eight months prior to the April 2024 trial, Appellant took positive steps toward employment, housing and sobriety, the record also reflects that Appellant took these steps while Y was temporarily sheltered, and Appellant was free of the pressures of parenting. Y was sheltered as a result of Appellant suffering similar mental health and behavioral issues that led to the termination of her parental rights of two other children in 2007 and 2018.

We conclude that the trial court did not err in terminating Appellant's parental rights as to Y under the expedited process established in section 39.806(2) of the Florida Statutes, which permitted appellee Florida Department of Children and Families to proceed without first offering Appellant a reunification plan and services. We further conclude that the trial court's findings regarding the alleged grounds for the termination of parental rights, set forth in sections 39.806(1)(c), (i) and (l), are supported by competent, substantial evidence and represent the least restrictive means to protect Y. See A.P. v. Dep't of Children & Families, 390 So. 3d 727, 729 (Fla. 3d DCA 2024) ("[W]e afford great deference to the trial court's findings of fact and review the record to determine whether the trial court's order is

2

supported by competent, substantial evidence."); <u>L.Q. v. Dep't of Children & Families</u>, 282 So. 3d 958, 962 (Fla. 3d DCA 2019) ("To terminate parental rights, the trial court must find that the Department established by clear and convincing evidence the following: (1) the existence of at least one statutory ground for terminating parental rights set forth in section 39.806(1); (2) termination is in the manifest best interest of the child; and (3) termination is the least restrictive means to protect the child from serious harm.").

Affirmed.